O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANTHONY LADEL OLIVER,

              Petitioner,

     vs.

JEFFREY BEARD, Sec. of CDCR,

              Respondent.

CASE NO. CV 14-5948-AB (RZ)

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE
JUDGE

      Pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California, the undersigned submits this Report and Recommendation to the Honorable Andre Birotte, Jr., United States District Judge. The undersigned recommends that the Court deny the petition and dismiss the action with prejudice.

**I.**

      In 1999, a Los Angeles County Court jury found Petitioner Anthony Ladel Oliver guilty of stalking, making criminal threats, and dissuading a witness by force or threat (CAL. PENAL CODE §§ 646.9, 422, 135.1). (Lodged Doc. No. 1 at 1-2.) In a separate proceeding, the trial court found that Petitioner previously had suffered three serious

convictions under California's Three Strikes Law.  (*Id.*)  Petitioner was sentenced to twenty-five years to life in state prison.  (*Id.*)

After exhausting his state court remedies, Petitioner filed a petition for writ of habeas corpus petition in this Court on December 17, 2001 (Case No. CV 01-10852-ABC (RZ)).  Therein, he asserted several challenges arising from his trial and subsequent sentence.  On February 13, 2003, the petition was dismissed with prejudice.

In 2013, Petitioner filed in Los Angeles County Superior Court a petition to recall his sentence pursuant to California Penal Code section 1170.126, which was enacted on November 6, 2012.  The Superior Court denied the petition, as well as Petitioner's subsequent motion for reconsideration.  Thereafter, he filed a petition for writ of habeas corpus in the California Court of Appeal, which construed the petition as a petition for writ of mandate and then denied it.  Next, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which denied the petition on November 20, 2013.

Petitioner then initiated this action on July 30, 2014.  The Court assesses the Petition pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides in part:

> (d)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254.  Under the AEDPA, a federal court shall presume that a determination of factual issues made by a State court is correct, and a petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## II.

Although Petitioner asserts several different claims for relief, the bulk of his claims are directed at the state courts' finding that he is ineligible for re-sentencing under California Penal Code section 1170.126 because one of his current offenses – namely, making criminal threats – is a serious felony under California's Three Strikes Law.

In order to understand Petitioner's challenges, the following statutory background is necessary.  On November 6, 2012, California voters approved Proposition 36, the Three Strikes Reform Act of 2012, which, among other things, added California Penal Code section 1170.126.  Section 1170.126 created a post-conviction release proceeding whereby prisoners serving indeterminate life sentences imposed under the Three Strikes Law can apply for a reduction in their sentences.  Specifically, section 1170.126 allows such prisoners to have their sentences recalled and to be sentenced as second strike offenders where the current offense is not a serious or violent felony.  *See People v. Yearwood*, 213 Cal. App. 4th 161, 168, 151 Cal. Rptr. 3d 901 (2013).  But even if the current offense is not a serious or violent offense, a prisoner is ineligible for re-sentencing if any of the prisoner's prior offenses are among those listed in California Penal Code section 667(e)(2)(C)(iv) or California Penal Code section 1170.12(c)(2)(C)(iv).  CAL. PENAL CODE § 1170.126(e)(3).  Among the crimes listed in section 667(e)(2)(C)(iv) and section 1170.12(c)(2)(C)(iv) is "[a]ny homicide offense, including any attempted homicide offense." CAL. PENAL CODE §§ 667(e)(2)(C)(iv) (IV), 1170.12(c)(2)(C)(iv)(IV).

When Petitioner was convicted in 1999, the crime of making criminal threats was not considered a serious or violent felony for purposes of the Three Strikes Law.   In 2000, however, California "expanded the list of serious felonies to include" making criminal threats.  *People v. Ringo*, 134 Cal. App. 4th 870, 884, 36 Cal. App. 3d 444

(2005); *see also* CAL. PENAL CODE § 1192.7(c)(38) (listing making criminal threats as serious felony under California's Three Strikes Law).

Petitioner maintains that the state courts erred in finding him ineligible for re-sentencing based on his 1999 conviction for making a criminal threat.  According to Petitioner, using the 1999 conviction to deny him re-sentencing was impermissible because, in 1999, making a criminal threat was not a serious offense.  Although making a criminal threat was designated as a serious offense long before section 1170.126 was enacted, Petitioner nevertheless maintains that the relevant date for classifying his current offense was the date on which he was convicted of that offense.  Accordingly, he concludes that the state courts could not treat his 1999 conviction as a disqualifying serious felony for purposes of section 1170.126.

Respondent argues that Petitioner cannot proceed with his challenges to the state courts' findings because the current Petition is a second or successive petition that was filed without authorization from the Ninth Circuit Court of Appeals.  Alternatively, Respondent contends that none of Petitioner's claims entitles him to relief because they are not cognizable on federal habeas review.  As explained below, the Court disagrees with Respondent regarding whether the current Petition is a second or successive petition, but agrees that Petitioner is not entitled to relief as to any of his asserted claims.

**A.    Second or Successive Petition**

The AEDPA  "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998).  Under this procedure, "[a]n individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application." *Martinez-Villareal*, 523 U.S. at 641.  Thereafter, the appellate court "may authorize the filing of a second or successive application only if it determines that the application makes

a prima facie showing that the application satisfies the requirements of" the AEDPA.  28 U.S.C. § 2244(b)(3)(C); *Morales v. Ornoski*, 439 U.S. 529, 531 (9th Cir. 2006).

Here, the instant Petition is not a second or successive petition because Petitioner is challenging the state courts' denial of his motion to reconsider his sentence under a new law, and not his underlying conviction or sentence.  The relief that Petitioner seeks did not exist until November 7, 2012, the date on which California Penal Code section 1170.126 was implemented.  Because Petitioner could not have sought this relief when he filed his first habeas petition in this Court, he was not required to seek prior authorization before filing the instant Petition.  *See Hill v. State of Alaska*, 297 F.3d 895, 898 (9th Cir. 2002).

**B.       Merits**

Petitioner's challenges to the state courts' refusal to re-sentence him under California Penal Code section 1170.126 fail because, at bottom, they involve only an alleged error in the application of state law – namely, an alleged misapplication of California Penal Code section 1170.126.  Matters relating to state sentencing law generally are not cognizable on federal habeas review.  *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court decisions on state-law grounds.").  Nonetheless, a state court's misapplication of state sentencing law may violate due process if "[the error] is so arbitrary or capricious as to constitute an independent due process" violation.  *Richmond v. Lewis*, 506 U.S. 40, 50, 113 S. Ct. 528, 121 L. Ed. 2d 411 (1992).  Here, the state courts held that, under state law, Petitioner was not entitled to be re-sentenced because his current conviction for making criminal threats qualified as a serious or violent felony for purposes of the Three Strikes Law.  This Court is bound by the state courts' interpretation of California law.  *See Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 163 L. Ed. 2d 407 (2005) (*per curiam*) (stating that "a state court's interpretation of state law, including

one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus").

Moreover, Petitioner has made no showing that the state courts' denial of his request for re-sentencing was arbitrary or capricious.  On the contrary, in 1999, Petitioner was convicted of three different crimes – making criminal threats, dissuading a witness by force or threat, and stalking.  At least two of those crimes (if not all three) had the potential for violence.  In addition, his criminal history includes three prior convictions, among which were two attempted murders.  Given this fact, the state courts' refusal to re-sentence him as a second strike offender could not have deprived him of any constitutional right to which he was entitled.

Furthermore, the fact that Petitioner has invoked the Ex Post Facto Clause and the Due Process Clause in his challenges to the state courts' decisions does not transform his otherwise state law claims into federal ones. *See Gray v. Netherland*, 518 U.S. 152, 163, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996).  The Ninth Circuit has repeatedly held that a habeas petitioner's mere reference to the Due Process Clause is insufficient to render his claims viable under the Fourteenth Amendment.  *See*, *e.g.*, *Miller v. Stagner*, 757 F.2d 988, 993-94 (9th Cir. 1985).

Additionally, even if Petitioner could make out a cognizable claim for relief, it would fail.  Although styled several different ways, Petitioner essentially argues that the state courts violated the Ex Post Facto Clause by applying the 2000 definition of a serious or violent felony to his 1999 conviction for making criminal threats.  By doing so, according to Petitioner, the state courts impermissibly increased the punishment for his 1999 conviction.  The Constitution prohibits Congress from passing any "ex post facto law." U.S. CONST. ART. I, § 9, cl. 3.  A penal law is ex post facto if (1) it is retrospective, applying to events that occurred before its enactment, and (2) it disadvantages the offender affected by it.  *Collins v. Youngblood*, 497 U.S. 37, 41, 110 S. Ct. 2715, 111 L. Ed. 2d 30 (1990); *Weaver v. Graham*, 450 U.S. 24, 29, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981).  A retrospective statute disadvantages the offender affected by it if it makes the punishment

for a crime more burdensome after its commission than before its commission. *Collins*, 497 U.S. at 41-42 (citing *Beazell v. Ohio*, 269 U.S. 167, 169-70, 46 S. Ct. 68, 70 L. Ed. 216 (1925)).

Here, the state courts could not have violated the Ex Post Facto Clause by applying the 2000 definition of a serious or violent felony to Petitioner's 1999 conviction. Although Petitioner contends that, by doing so, the state courts prolonged his sentence, that contention ignores the fact that the state courts' decision did not result in an increase in punishment. Indeed, Petitioner's sentence remains the same as it was before he filed his request for re-sentencing. If anything, section 1170.126 – which was enacted over a decade after Petitioner committed his current crimes – had the potential to benefit him if he was eligible for re-sentencing. That it ultimately did not benefit him, however, does not mean that it made his existing punishment more burdensome than it was. Rather, it left that punishment unchanged.

Finally, even if Petitioner could show that the state courts erred in treating his 1999 conviction as a serious or violent felony, any such error would be harmless. *See Washington v. Recuenco*, 548 U.S. 212, 126 S. Ct. 2546, 2552, 165 L. Ed. 2d 466 (2006) (holding that sentencing errors are subject to harmless error analysis). As set forth above, under section 1170.126, a prisoner is not eligible for re-sentencing if he has a prior conviction for attempted murder. *See* CAL. PENAL CODE §§ 1170.126(e)(3), 667(e)(2)(C)(iv) (IV), 1170.12(c)(2)(C)(iv)(IV). Because Petitioner's criminal history includes convictions for attempted murder, he is ineligible for resentencing under section 1170.126.

In short, the state courts' decision against re-sentencing Petitioner under section 1170.126 was neither an unreasonable application of, nor contrary to, clearly established federal law as determined by the Supreme Court.

///

///

///

## III.

Petitioner also alleges two claims for relief involving the Court of Appeal's assessment of his petition for writ of habeas corpus.  First, he contends that the Court of Appeal violated his right to procedural due process by construing his habeas petition as a petition for writ of mandate.  Second, he asserts that the Court of Appeal violated his right to procedural due process by refusing to allow him to file a reply to the respondent's opposition to his habeas petition.  Neither of these claims presents a cognizable claim for federal habeas relief, as both involve only purported errors in the state's post-conviction review process.  *See Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (*per curiam*) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"); *see also*, *Ortiz v. Stewart* 149 F.3d 923, 939 (9th Cir. 1998) ("[F]ederal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings").  Accordingly, habeas relief is not warranted as to either of these claims.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the District Court (1) accept the findings in this Report and (2) enter Judgment dismissing this action with prejudice.


DATED: January 8, 2015


_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE